# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0433V
(not to be published)

|  |  |
|---|---|
| KATIE M. MILLER,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On March 22, 2019, Katie Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration, or in the alternative, a "left brachial plexitis," as a result of a Tdap vaccination administered on April 25, 2016. (Petition at *Introduction*). On February 16,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 41).

Petitioner has now filed a motion for attorney's fees and costs, dated July 8, 2021 (ECF No. 47), requesting an award of $16,401.25 in attorney's fees and costs for attorney David Carney at Green & Schafle, LLC. Petitioner also requests attorney's fees and costs for prior attorney Kate Westad. Ms. Westad switched law firms twice during these proceedings, incurring $10,710.07 in attorney's fees and costs at Larkin Hoffman Law Firm and $2,390.00 in attorney's fees at SiebenCarey, P.A. (Id. at 4). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (Id. at 27). Respondent reacted to the motion on July 15, 2021 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. (ECF No. 48). Petitioner did not file a reply thereafter

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs as follows:

- **A lump sum of $16,401.25, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Green & Schafle, LLC;**

- **A lump sum of $10,710.07, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Larkin Hoffman Law Firm; and**

- **A lump sum of $2,390.00, representing reimbursement for attorneys' fees, in the form of a check payable jointly to Petitioner and SiebenCarey, P.A.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
